Filed 3/6/23  P. v. Nguyen CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAN VAN NGUYEN,<br><br>    Defendant and Appellant. | H047090<br>(Santa Clara County<br>Super. Ct. Nos. C1774396,<br>C1765364, C1774610,<br>C1775282, C1893897 &<br>F1767109) |

Defendant Tan Van Nguyen received a split sentence of 11 years 8 months, including eight years in prison, after he pleaded no contest to, among other things, 23 counts of second degree burglary.  Defendant contends on appeal that the trial court failed to properly consider his pro se letter that defendant characterizes as a motion to withdraw his plea and a motion to discharge his retained counsel.  Defendant also contends that he is entitled to resentencing under recent amendments to Penal Code section 1170, subdivision (b), and that he is entitled to have the unpaid balances of various fees vacated under recently added Penal Code section 1465.9, subdivision (a) and Government Code section 6111, subdivision (a).  We find no error in the trial court's handling of defendant's letter but will remand for resentencing and vacatur of the unpaid fees due to the recent statutory changes.

## I.   TRIAL COURT PROCEEDINGS

Defendant pleaded no contest to charges in five cases in March 2018 and pleaded no contest to charges in a sixth case in September 2018.  The facts of the offenses are not relevant to the issues raised on appeal.

On January 15, 2019, two days before defendant was scheduled to be sentenced, the trial court received a letter from defendant.  Defendant, who was represented by retained counsel in the trial court, stated in the letter that he had pleaded no contest to the charges against him because his attorney had advised him that he would serve less than five years in prison.  He regretted hiring his attorney, who he said had ignored his correspondence and failed to appear for a scheduled sentencing hearing.  Defendant explained in the letter that he did not have money to hire another attorney, and asked the trial court for a *Cruz*[1] waiver or a stay of execution so that he could spend time with his sick parents and help sell an investment property in Coalinga that he co-owned with a friend.  He wrote that he planned to use proceeds from the sale to hire a new attorney and withdraw his plea, but did not know whether his circumstances would allow him to withdraw the plea and he asked the trial court for advice.

On January 17, 2019, the trial court imposed a split sentence of 11 years 8 months, including eight years in prison.  The sentence included "the aggravated term of three years" on one count of second degree burglary in case No. C1774396 (§§ 459, 460, subd. (b), count A1; unspecified statutory references are to the Penal Code).  Among other fees, the court imposed a criminal justice administration fee of $129.75 and a probation supervision fee of $25 per month in case No. C1774396; a criminal justice administration fee of $259.50 in case No. C1774610; a criminal justice administration fee of $259.50 in case No. C1775282; a criminal justice administration fee of $259.50 and a probation supervision fee of $25 per month in case No. C1765364; a criminal justice

---

[1]  *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.

administration fee of $259.50 in case No. F1767109; and a criminal justice administration fee of $259.50 in case No. C1893897. Neither defendant nor the trial court mentioned defendant's letter during the sentencing hearing.

## II. DISCUSSION

### A. DEFENDANT'S LETTER TO THE TRIAL COURT

Defendant asserts that the letter he sent the trial court before sentencing was both a motion to withdraw his plea and a motion to discharge his retained counsel, and that the trial court's failure to rule on either motion requires reversal.

### 1. Motion to Discharge Retained Counsel

A defendant may freely discharge retained counsel, with or without cause, so long as the request is timely and discharge will not significantly prejudice the defendant. (*People v. Ortiz* (1990) 51 Cal.3d 975, 983.) Improper denial of that right is grounds for reversal (*id.* at p. 988), but a defendant must request discharge clearly and unequivocally. (*People v. O'Malley* (2016) 62 Cal.4th 944, 1006 (*O'Malley*).) A trial court does not erroneously deny a request to discharge counsel where there is no request to be ruled on. (*Ibid.*)

Defendant's letter to the trial court voiced various complaints about trial counsel's representation but "did not explicitly request that counsel be discharged." (*O'Malley*, *supra*, 62 Cal.4th at p. 1004.) To the contrary, defendant stated in the letter that he could not afford to hire a new attorney and asked the court for a *Cruz* waiver or a stay of execution so that he could obtain the funds to do so. "These comments signify that defendant did not have a substitute attorney in mind, whether retained or appointed." (*Ibid.*) They also suggest that defendant planned to proceed with his retained counsel, at least for the time being, "not because he thought counsel was doing a good job but because he was more worried about who might replace him." (*Id.* at p. 1005.) As defendant did not clearly request that his attorney be discharged, there was no error in declining to treat the letter as a motion to discharge retained counsel.

3

That defendant did not request discharge at the sentencing hearing—held only two days after he submitted his letter—further suggests that his letter should not be read as such a request. (Because we conclude the letter was not a motion to discharge retained counsel, we do not reach the Attorney General's argument that defendant abandoned the motion by not raising it at the sentencing hearing.)

## 2. Motion to Withdraw Plea

"On application of the defendant at any time before judgment[,]" a trial court may permit the defendant's plea to be withdrawn "for a good cause shown[.]" (§ 1018.) The defendant bears the burden of demonstrating good cause by clear and convincing evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) We review the denial of such an application for a clear abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

We see no abuse of discretion here. Although defendant implied in his letter to the trial court that he might seek to withdraw his plea if and when he was able to hire a new attorney, and asked the court for advice as to whether he would be entitled to do so, he did not make a clear application to withdraw his plea in the letter. Nor did he make any application at the sentencing hearing. To the extent defendant's letter could be construed as a motion to withdraw his no contest plea because he relied on counsel's opinion regarding a likely sentence, such a motion is properly denied. (See *In re Atchley* (1957) 48 Cal.2d 408, 418 ["Mere advice or assurance by a private attorney to a defendant accused of crime will not vitiate a plea entered in reliance thereon."]; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096 ["Defense counsel's erroneous advice did not require the court to grant appellant's motion to withdraw his plea."].) And trial counsel's failure, following defendant's plea, to appear for a scheduled sentencing hearing due to a calendaring error does not constitute clear and convincing evidence that the plea itself was the product of ineffective assistance. (As with the purported motion to discharge retained counsel, we need not address the Attorney General's argument that any motion

4

to withdraw defendant's plea was abandoned for failing to raise it at the sentencing hearing.)

## B.  SENATE BILL NO. 567 SENTENCING

Defendant argues the judgment must be reversed and the matter remanded for resentencing because he is entitled to the benefit of recent amendments to section 1170. The Attorney General agrees that the amendments apply to defendant under the reasoning of *In re Estrada* (1965) 63 Cal.2d 740, but argues reversal is not required because any error was harmless.

When defendant was sentenced in 2019, trial courts had broad discretion under section 1170, subdivision (b) to select the "appropriate term" for offenses with a prescribed sentencing triad.  (Former § 1170, subd. (b); Stats. 2018, ch. 1001, § 1.) Under amendments to that section effective as of January 1, 2022, trial courts are now generally required to select the middle term (§ 1170, subd. (b)(1)) and may impose an upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)  A trial court may consider "defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3)) and must "set forth on the record the facts and reasons for choosing the sentence imposed."  (§ 1170, subd. (b)(5).)

The probation report identified seven factors in aggravation, including that: defendant was convicted of other crimes for which consecutive sentences could have been imposed but were not (Cal. Rules of Court, rule 4.421(a)(7)); the manner in which the crime was carried out showed planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)); the crime involved taking or damage of great monetary value (Cal. Rules of Court, rule 4.421(a)(9)); defendant's prior adult convictions or sustained

5

juvenile petitions were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); defendant had served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)); defendant was on probation or parole when the crime was committed (Cal. Rules of Court, rule 4.421(b)(4)); and defendant's prior performance on probation or parole was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). The report also identified one factor in mitigation, that defendant voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process (Cal. Rules of Court, rule 4.423(b)(8)). Significantly for our analysis, the trial court stated it was "going to follow probation's recommendations" by imposing a total prison term of eight years but did not specify which, if any, of the factors it relied on in imposing "the aggravated term of three years" on count A1.

Appellate courts are divided on the prejudice standard that applies in this context. (See *People v. Flores* (2022) 75 Cal.App.5th 495; *People v. Lopez* (2022) 78 Cal.App.5th 459; *People v. Dunn* (2022) 81 Cal.App.5th 394, rev. granted Oct. 12, 2022, S275655.) The *Flores* court held that such an error is harmless so long as even one of the aggravating factors relied on by the trial court was proven beyond a reasonable doubt or by stipulation, or would have unquestionably been found true beyond a reasonable doubt by a jury. (*Flores*, *supra*, at pp. 500–501.) The *Lopez* court rejected *Flores*, asking first whether a jury would unquestionably have found all aggravating factors relied on true beyond a reasonable doubt, and if not, then whether it is reasonably probable that a lesser sentence would have been imposed had the sentencing court considered only the aggravating factors that would have unquestionably been found true beyond a reasonable doubt. (*Lopez*, *supra*, at p. 467, fn. 11.) The *Dunn* court found a middle ground between *Flores* and *Lopez*; it adopted the two-step approach of *Lopez*, but held that only one of the identified aggravating factors need satisfy the reasonable doubt standard, and any other factors relied upon could be analyzed under the reasonable probability standard. (*Dunn*, *supra*, at pp. 405–410.)

We need not decide among the various approaches, as they all rest on an analysis of the aggravating factors actually relied on by the trial court. That analysis is impossible here because the trial court did not "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).) It is unclear which aggravating factors the trial court considered, and we thus cannot determine whether a jury would have found any of those factors true beyond a reasonable doubt. The Attorney General argues that defendant's plea implied a stipulation to two aggravating factors cited in the probation report, that defendant was on probation when the crime was committed (Cal. Rules of Court, rule 4.421(b)(4)) and that his prior performance on probation was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). But the degree to which the trial court relied on those factors is unclear from the record.

The probation report also cites two factors concerning defendant's criminal history: that his prior convictions were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)) and that he had served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)). But those aggravating circumstances were not established through certified records of conviction and "we will not presume the existence of extrarecord materials, however likely they are to exist, to address this insufficiency." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115, fn. 6.) Nor are we prepared to presume that a jury would have found that defendant's crime involved "planning, sophistication, or professionalism" (Cal. Rules of Court, rule 4.421(a)(8)) or the taking or damage of "great monetary value" (Cal. Rules of Court, rule 4.421(a)(9)), two other aggravating circumstances cited in the probation report, as those factors "require an imprecise quantitative or comparative evaluation of the facts." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840.)

The trial court may have based its sentencing decision on some combination of the factors identified in the probation report, or it may have relied on other subjective factors. Without indications in the record as to the basis for the trial court's decision, we cannot

7

determine whether defendant was prejudiced by the consideration of improper factors. We will therefore reverse and remand for resentencing.

### C. FEES TO BE VACATED

Assembly Bill No. 1869, signed by the Governor in September 2020, "abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the probation supervision fee and the criminal justice administration fee." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625.) Effective July 1, 2021, former section 1465.9, subdivision (a) made the balance of probation supervision fees imposed under section 1203.1b unenforceable and uncollectible. (Stats. 2020, ch. 92, § 62.) Also as of July 1, 2021, Government Code section 6111, subdivision (a) renders the unpaid balance of any criminal justice administration fees imposed under Government Code section 29550.1 unenforceable and uncollectible. (Stats. 2020, ch. 92, § 11.) The parties correctly agree that the probation supervision fees in this case were imposed under authority covered by former section 1465.9 and the criminal justice administration fees were imposed under authority covered by Government Code section 6111; defendant is entitled to have the unpaid balances of those fees vacated.

### III. DISPOSITION

The judgment is reversed. On remand, the prosecution may elect to proceed by meeting the requirements of section 1170, subdivision (b)(2) regarding aggravating circumstances, or may elect to proceed on the current record. After the prosecution makes that election, the trial court shall resentence defendant under amended section 1170. The trial court shall also vacate any portion of the probation supervision fees imposed under section 1203.1b and the criminal justice administration fees imposed under Government Code section 29550.1 that remained unpaid as of July 1, 2021.

8

_____
Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H047090**
***The People v. Nguyen***